UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JOSE RAUL CHAO AMAYA,

     Plaintiff,

                                      CASE NO.:

v.

LEJEUNE AUTO WHOLESALE, INC., D/B/A CAR FACTORY OUTLET, a Florida Profit Corporation, ELOY GARCIA, JR., an individual, and NICOLAS O. MENDIZABAL, JR., an individual.

     Defendants.
_____/

## COMPLAINT

Plaintiff, JOSE RAUL CHAO AMAYA ("Plaintiff" or "Chao"), by and through undersigned counsel, hereby sues Defendants, LEJEUNE AUTO WHOLESALE, INC., D/B/A CAR FACTORY OUTLET, ("LeJeune Auto") a Florida Profit Corporation, ELOY GARCIA, JR., ("Garcia") an individual, and NICOLAS O. MENDIZABAL, JR., ("Mendizabal") an individual (collectively "Defendants"), and alleges:

### JURISDICTION AND PARTIES

1. This is an action to recover unpaid overtime. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) (the "FLSA").

2. Venue is proper in the Southern District of Florida because all the facts giving rise to this cause of action took in place in Miami-Dade County, Florida.

- 1 -

3. Plaintiff, Chao is a resident of Miami-Dade County, Florida, within the jurisdiction of this Court.

4. Defendant LeJeune Auto is a Florida profit corporation, which at all times material hereto, was doing business within the jurisdiction of the District Court for the Southern District of Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce. LeJeune Auto has its principal place of business in Miami-Dade County.

5. Defendant Garcia is a believed to be a resident of Miami-Dade County, Florida. Garcia is the President of LeJeune Auto. Garcia was or now is an owner/officer and/or director of LeJeuna Auto. Garcia, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over LeJeune Auto and is directly involved in decisions affecting employee compensation and hours worked by employees, such as Plaintiff. Moreover, he controlled the purse strings for LeJeune Auto and had operational control.

6. Defendant Mendizabal Garcia is a believed to be a resident of Miami-Dade County, Florida. Mendizabal is the Vice President of LeJeune Auto. Mendizabal was or now is an owner/officer and/or director of LeJeuna Auto. Mendizabal, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over LeJeune Auto and is directly involved in decisions affecting employee compensation and hours worked by employees, such as Plaintiff. Moreover, he controlled the purse strings for LeJeune Auto and had operational control.

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendants, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, Defendants operated as an organization which sells and/or markets its services and/or goods and/or materials to customers throughout the United States and also provides its services for goods sold and transported across state lines of numerous

other states, and Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do its business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Defendants was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfies the FLSA's requirements.

8. By reason of the foregoing, Defendants have, during all times hereafter mentioned, maintained an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff was within interstate commerce.

9. All conditions precedent to the bringing of this action or same have been waived or excused. Further, Plaintiff made a pre-suit demand that went unanswered which necessitated the filing of this action.

10. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## COUNT I
## UNPAID OVERTIME WAGES

11. Plaintiff re-alleges and re-avers paragraphs 1 through 10 as fully set forth herein.

12. Defendants employed Plaintiff as a car wash attendant from approximately September 2020 through March 2021.

13. Plaintiff was initially paid $600.00 a week, however, his compensation then changed to $650.00 a week. If Plaintiff missed a day, Defendants would deduct $100.00 a day.

14. During the relevant time period, Plaintiff routinely worked in excess of forty (40) hours per week. Specifically, Plaintiff routinely work an average of (60) hours per week.

15. During the relevant time period, Plaintiff was not paid overtime for the hours worked in excess of forty (40) hours per week, as required by the Fair Labor Standards Act. The failure to pay these overtime hours resulted in an overtime violation.

16. Defendants remain owing Plaintiff these overtime wages as set forth above. Plaintiff is entitled to recover double damages.

17. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA, but no provision was made by Defendants to properly pay him at the rate of time-and-a-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

18. Defendants intentionally failed to pay Plaintiff overtime wages and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages, as required by the Fair Labor Standards Act. Defendants failed to keep accurate time records in order to hide overtime violations. Defendants also failed to keep payroll records in order to hide the overtime violations. Defendants had knowledge of Plaintiff's work schedule and the amount of hours Plaintiff worked in excess of forty (40) per week. Plaintiff complained about the lack of overtime pay and Defendants knew or should have known of the work performed by the Plaintiff and of its obligation to pay overtime wages to Plaintiff.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from LeJeune Auto, jointly and severally with Garcia and Mendizabal, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with LeJeune Auto, Garcia and Mendizabal, jointly and severally, or as much as allowed by the Fair Labor Standards Act,

whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II
## INDIVIDUAL LIABILITY OF ELOY GARCIA, JR.

19. Plaintiff adopts and re-alleges paragraphs 1 through 18 as it fully sets forth herein.

20. The individual Defendant, Garcia, is an FLSA employer, as defined in 29 U.S.C. § 203(d), as he had operational control over LeJeune Auto and additionally was directly involved in decisions affecting employee compensation and hours worked by employees, such as Plaintiff. Garcia also controlled the purse strings of LeJeune Auto.

21. As an FLSA employer, Garcia is jointly and severally liable to Plaintiff, together with LeJeune Auto.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from Garcia, jointly and severally with LeJeune Auto, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT III
## INDIVIDUAL LIABILITY OF NICOLAS O. MENDIZABAL, JR.

22. Plaintiff adopts and re-alleges paragraphs 1 through 18 as it fully sets forth herein.

23. The individual Defendant, Mendizabal, is an FLSA employer, as defined in 29 U.S.C. § 203(d), as he had operational control over LeJeune Auto and additionally was directly

involved in decisions affecting employee compensation and hours worked by employees, such as Plaintiff. Mendizabal also controlled the purse strings of LeJeune Auto.

24. As an FLSA employer, Mendizabal is jointly and severally liable to Plaintiff, together with LeJeune Auto.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from Mendizabal, jointly and severally with LeJeune Auto, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury

Respectfully Submitted,

**LAW OFFICES OF CHRISTOPHER F. ZACARIAS, P.A.**
*Counsel for Plaintiff*
8660 W. Flagler St, Suite 100
Miami, Florida 33144
Tel.: (305) 403-2000
Fax: (305) 459-3964

By: /s/ Christopher F. Zacarias
    Christopher F. Zacarias, Esq.
    Florida Bar No. 85609
    czacarias@zacariaslaw.com
    pleadings@zacariaslaw.com
    Yunis Curbelo, Esq.
    Florida Bar No. 1025104
    Yunis@zacariaslaw.com